**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5713-17T3

SAMARADASA WEERAHANDI,

    Plaintiff-Appellant,

v.

REGINA LIU and AMERICAN
STATISTICAL ASSOCIATION,

    Defendants-Respondents.

_____

Submitted March 13, 2019 – Decided April 22, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-7225-17.

Samaradasa Weerahandi, appellant pro se.

Arent Fox, LLP, attorneys for respondents (Adrienne M. Hollander, on the brief).

PER CURIAM

    Plaintiff, Samaradasa Weerahandi, appeals from two Law Division orders.

The first order denied plaintiff's motion to enter default judgment against

defendants, American Statistical Association ("the Association") and Regina Liu, editor of the Journal of the American Statistical Association ("Journal" or "the Association's Journal"). The second order granted defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted.

Plaintiff alleged in his complaint that defendants engaged in reverse discrimination and retaliated against him when he challenged their discriminatory actions, thus violating the New Jersey Civil Rights Act ("CRA"), N.J.S.A. 10:6-1 to -2, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to -49. A private CRA action only may be pursued against persons acting under color of law, and a LAD action, with exceptions not pled in plaintiff's complaint, requires an employment relationship. Plaintiff did not allege in his complaint either that defendants were acting under color of law or that he was an employee of the Association. Consequently, the Law Division properly granted defendants' motion – which was filed before a default or default judgment was entered.

We affirm the dismissal, but because a dismissal for failure to state a claim is generally without prejudice, and because the court did not explain why it

2

dismissed the complaint with prejudice, we modify the order of dismissal, which shall be construed as a dismissal without prejudice.

Plaintiff alleged the following facts in his complaint. The Association is a national association of statisticians with local chapters in many states, including New Jersey. Defendant Liu is an elected co-editor of the Association's Journal. Plaintiff has been a member of the Association since 1983. According to the complaint, plaintiff "was highly successful as a member of [the Association] making some outstanding contributions to the profession, including the introduction of new concepts and notions to solve difficult statistical problems." In addition, plaintiff has been a spokesperson for the Asian-American community. He claims that as such "he was instrumental in enhancing the [d]iversity of [the Association] at various levels, including the election of the first minority president and vice-president of [the Association]."

In March 2010, plaintiff communicated with the Association's senior management and editors about the lack of diversity on the Journal's editorial board. His communications resulted in the Association appointing Chinese statisticians as the Journal's co-editors. Plaintiff asserts defendant Liu "is the latest Chinese American, who became a co-editor of [the Journal], thus

3

becoming a beneficiary of [p]laintiff's [d]iversity [c]ommunications." The complaint alleges that:

> [i]n late 2010 and early 2011 the first two Chinese American Editors . . . made racially biased appointments of Associate[d] Editors (AEs), when they fired almost all well accomplished AEs in the previous editorial board, and appointed seriously underqualified Chinese American AEs, including their recently graduated own students and friends, thus creating a serious situation of "Reverse Racial Discrimination."

Plaintiff claims that when he protested the reverse racial discrimination, he became a target for retaliation; namely, "all his articles submitted to [the Journal] for publication were rejected."

The complaint skips from the 2010-11 timeframe to 2016 and 2017. The complaint alleges that in retaliation against plaintiff's repeated protests concerning diversity, the Association "deliberately appointed two Chinese American Statisticians as co-editors in 2016 as they did in 2010, thus alienating any members of the association, in which total minority membership is less than [thirty-five percent] and the Chinese American membership is around [twenty percent]."

Around the same time, when plaintiff "was at the Statistics Department of the Rutgers University participating at a conference, he observed a serious [l]ack of [d]iversity in the [g]raduate [s]tudents population in that Department, under

4

the chairmanship of [d]efendant Liu." Plaintiff asserted that more than seventy-five percent of graduate students were of Chinese origin when the national average is about twenty-percent. The complaint alleged that non-Chinese applicants, who were well qualified, were denied admission to the graduate program and less qualified Chinese students were admitted. Plaintiff alleged defendant Liu had been appointing disproportionate numbers of Chinese applicants to faculty positions while she overlooked more qualified non-Chinese applicants. Plaintiff sent an email to Liu about this situation on June 17, 2016. He claims Liu kept silent, thinking that the situation was beyond her control. However, the matter was brought to the attention of the Executive Dean of the Arts and Sciences, "who kindly responded and thanked the plaintiff for his constructive comments and suggestions."

Meanwhile, on March 26, 2017, plaintiff wrote to Liu and applied for a position as Associate Editor on the Journal. He said he did so because, among other motivating factors, the Association had argued that editorial appointments had been given to less qualified applicants due to the lack of more qualified applicants being willing to serve on the Journal's editorial board. Plaintiff asserted in the complaint that due to his complaints about disproportionate numbers of Chinese American statisticians serving on the Journal's editorial

5

board, Liu ignored his follow-up request that he be appointed as a co-editor. He heard from another member of the Association in May 2017. This member of the Association was an administrator and not in the position to make appointments of associate editors, but he nonetheless told plaintiff from now on to communicate only with him.

In June 2017, plaintiff sent reminders about his application for the position of associate editor to the administrator, with a copy to the Association's president. He asserted that the Association simply ignored his requests in retaliation for his previous protests concerning diversity on the editorial board. He alleged he had been blocked from such a position since 2013, when the Association prevented the previous editor of the Journal from appointing plaintiff as an associate editor.

Plaintiff concluded the allegations in the complaint by asserting the conduct and actions of defendant violated the CRA and the LAD. He alleged that as a consequence of these violations, his employment and compensation, which depend on services to professional societies and research publications, suffered, resulting in economic loss and "job detriment." He also claims to have suffered "mental anguish, embarrassment, stress, anxiety, and humiliation."

6

Plaintiff filed his complaint on December 5, 2017. In a series of communications between plaintiff and counsel for defendants, the attorney requested an extension of time to file an answer to the complaint, even though she contended the Association had never been properly served with process. Plaintiff emailed the attorney and said he would grant an extension only to file an answer, not to file a motion in lieu of an answer. Based on plaintiff's oral extension, Liu filed an answer. The Association did not file an answer, although it does not appear from the record the Association was properly served with the complaint.

On May 11, 2018, plaintiff filed a motion seeking an order granting him the following relief:

> Minimum of $85,000 by Defendants as monetary damage, which is totaling to hundreds of thousands of dollars, happened to Plaintiff's inability to get a job . . . due to Racial Discrimination and Retaliation against Plaintiff by Defendants, preventing him from serving in [the Association's] Editorial Board, or publish research papers in the [the Journal.]

He provided a supporting certification for "Default Judgment." In his certification, he averred that when a sheriff's officer was unable to serve Liu, he had a private process server serve her on March 12, 2018. He did not aver that he had served the Association.

On May 16, 2018, the Association filed a motion to dismiss plaintiff's complaint with prejudice for failure to state a claim upon which relief could be granted.

Following the parties' oral argument for and against the respective motions, the court denied plaintiff's motion for default judgment. The court found defendants were not in default, and in any event, plaintiff had not properly moved for a default.

The court granted the Association's motion to dismiss the complaint. The court noted that an element of a private cause of action under the CRA is that a defendant must be acting under color of law. In his complaint plaintiff had made no such allegation against either the Association or Liu.

In addition, the court found that the LAD addressed discrimination in an employment setting. The complaint did not allege plaintiff was an employee of the Association. The court noted plaintiff applied for a position of associate editor of the Journal as an unpaid volunteer. Because plaintiff had not alleged an employer-employee relationship, the court determined his LAD claim failed. The court also noted that though only the Association had filed the motion to dismiss, the "law of the case" applied to Liu as well.

On appeal, plaintiff presents two points for our consideration. Citing the court's reference to his motion for default judgment as a "cross-motion," he argues the court erred by characterizing it as such, as he filed the motion before defendants filed their motion to dismiss. Second, he contends the court erred by misinterpreting the CRA to apply only to situations of paid employment discrimination. Plaintiff claims he showed the court an identical prior case, where a federal judge found the denial of plaintiff's appointment to the Association's Journal's editorial board to be discriminatory.

We affirm the dismissal of plaintiff's complaint. In Perez v. Zagami, LLC, 218 N.J. 202, 204 (2014) the Court held: "although the [CRA] bestows such authority on the Attorney General, a private CRA cause of action only may be pursued against persons acting under color of law."

We reach a similar conclusion concerning plaintiff's claim defendants violated the LAD. Indisputably, "the LAD was intended to prohibit discrimination in the context of an employer/employee relationship." Pukowsky v. Caruso, 312 N.J. Super. 171, 184 (App. Div. 1998); see also, Chrisanthis v. Cty. of Atl., 361 N.J. Super. 448, 453 (App. Div. 2003); Thomas v. Cty. of Camden, 386 N.J. Super. 582, 594 (App. Div. 2006). Plaintiff does not contend he was an employee of the Association.

A-5713-17T3

The LAD also prohibits discriminatory refusals to do business, N.J.S.A. 10:5-12(l); and discrimination in places of public accommodation. N.J.S.A. 10:5-12(f); Pepper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 67 (1978). Plaintiff has alleged neither of these theories in his complaint.

Plaintiff contends a federal judge found the denial of his appointment to a position on the Association's Journal to be discriminatory. Although plaintiff filed virtually identical actions in the United States District Court for the Southern District of New York and in the New York County Supreme Court, both causes of action were dismissed; neither involved the CRA or LAD. Further, plaintiff has cited no language in either of these decisions that supports his assertion another court found the Association's actions discriminatory.

Plaintiff also argues that somehow he was prejudiced because the trial court treated his motion for default judgment as a cross-motion when he in fact filed the motion before defendants filed their motion. He also contends defendants "seriously missed a due date for filing their answers." He provides no proof that he properly served the Association, nor does he deny that he verbally agreed to extend the time for Liu to answer the complaint. The trial court's mischaracterization of Liu's motion as a cross-motion did not affect the merits of the motion. We find no abuse of discretion by the trial court based on

10

the manner in which it considered the motions. Plaintiff's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

The court signed an order that had been prepared by defendants. The order included language dismissing the complaint with prejudice, even though the motion was decided pursuant to Rule 4:6-2(e). Generally, such motions should be dismissed without prejudice. Smith v. SBC Commc'ns, Inc., 178 N.J. 265, 282 (2004). There are exceptions, but here the trial court did not give any reason for dismissing the matter with prejudice. For that reason, the dismissal shall be deemed without prejudice.

Affirmed as modified.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5713-17T3